IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(WESTERN DIVISION)

| | |
|---|---|
| ASHLEY N. SEWELL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action Number |
| ) | |
| CAPITAL ONE BANK (USA), N.A., ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., TRANS UNION, ) | |
| LLC, and EQUIFAX INFORMATION ) | |
| SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW the plaintiff, ASHLEY N. SEWELL, by and through her undersigned counsel, and for her complaint alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for an actual, statutory and punitive damages, costs and attorneys' fees pursuant to 15 U.S.C. §1681, *et seq.* (Fair Credit Reporting Act).

### JURISDICTION & VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff is resident of the state of Alabama and resides within this judicial district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

6. Equifax Information Services, LLC ("Equifax") is a Georgia corporation with its principal place of business in the state of Georgia. Equifax does business in this judicial district.

7. Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. 1681a(f).

8. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business in the state of California. Experian does business in this judicial district.

9. Experian is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. 1681a(f).

10. Trans Union, LLC ("Trans Union") is a Delaware corporation with its principal place of business in the state of Illinois. Trans Union does business in this judicial district. Trans Union is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. 1681a(f).

11. Upon information and belief, said CRA defendants regularly engage in the business of assembling, evaluating, and disbursing information concerning

consumers for the purpose of furnishing consumer reports as defined by 15 U.S.C. §1681a(f) to third parties.

12. Upon information and belief, said CRA defendants disburse consumer reports to third parties of contract for monetary compensation.

13. Defendant, Capital One Bank (USA) N.A. ("Cap One" or "Furnisher"), is a national bank authorized to do business in this judicial district as a consumer credit card lender, with its principal place of business in the state of Virginia.

14. Cap One is in the business of furnishing consumer credit information to CRAs, including Equifax and Experian.

15. Cap One provides consumer credit information to CRAs, including Equifax, Experian and Trans Union.

## FACTUAL ALLEGATIONS

16. Defendants reported derogatory and inaccurate information relating to Plaintiff and Plaintiff's credit history to third parties. As of the date of filing her complaint, the defendants continue to report the derogatory information described below.

17. The inaccurate information includes, but is not limited to past due payment history, past due payment status and incorrect balance (hereinafter "the

inaccurate information"), concerning the trade line Cap One with an account number ending in 0692 (hereinafter "the Account").

18. The inaccurate information negatively reflects on Plaintiff, her credit repayment history, financial responsibility as a debtor and her credit worthiness.

19. Defendants reported and continue to report the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors.

20. Plaintiff disputed the inaccurate information with Equifax, Experian, and Trans Union.

21. Thereafter, Equifax, Experian and Trans Union sent Plaintiff written communications indicating their intent to continue publish and disseminate inaccurate information concerning the account.

22. Equifax, Experian and Trans Union published and disseminated consumer reports referring and/or relating to the plaintiff to third parties after receipt of her disputes. At least one of those consumer reports included the inaccurate information previously disputed by the plaintiff.

23. Equifax, Experian and Trans Union did not request additional information from the plaintiff about her disputes.

24. Other than Cap One, Equifax, Experian and Trans Union did not contact third parties that would have relevant information concerning Plaintiff's disputes.

25. Equifax, Experian and Trans Union did not forward any relevant information concerning Plaintiff's dispute to the source of the disputed information. Equifax, Experian and Trans Union did not forward copies of Plaintiff's dispute letters and supporting documents to the furnisher of the disputed information.

26. Alternatively, Equifax, Experian and Trans Union forwarded a Consumer Dispute Verification ("CDV") or an Automated Consumer Dispute Verification ("ACDV") concerning Plaintiff's dispute to the source of the disputed information. Cap One is the source of the disputed information.

27. Cap One provided the CRA Defendants with a response referring or related to Plaintiff's dispute.

28. The CRA Defendants did not request or obtain any payment records, court records or any correspondence between Cap One and Plaintiff, or other relevant documents from the source of the disputed information.

29. Plaintiff disputed the Account directly with Cap One.

30. Cap One failed to conduct a timely and/or reasonable investigation of Plaintiff's disputes after being contacted by the Plaintiff or relevant CRAs, or both, concerning Plaintiff's disputes.

31. Cap One continues to report the Account to various CRAs, including Equifax, Experian and Trans Union, with a derogatory payment history and an open balance as of the date of filing of Plaintiff's Complaint.

32. During the twelve (12) months preceding the filing of Plaintiff's Complaint, Cap One failed to identify the Account as disputed to Equifax, or Experian, or Trans Union, or all three CRAs.

33. Defendants failed to perform reasonable investigations of the above disputes.

34. Defendants failed to remove the inaccurate information or Defendants failed to note the disputed status of the inaccurate information, or both.

35. Plaintiff filed a complaint with the Federal Trade Commission ("FTC") concerning the Account and inaccurate information.

36. As of the filing of the instant lawsuit, the defendants continue to report the Account with an unpaid balance and past due.

37. Upon information and belief, Equifax, Experian or Trans Union, or all three, received information referring or related to the reliability of information supplied by Cap One in the two years preceding the date of Plaintiff's Complaint.

38. Upon information and belief, Cap One received information referring or related to information supplied by Cap One to the CRA Defendants in the two years preceding the date of Plaintiff's Complaint.

39. Defendants' conduct proximately caused Plaintiff's injuries and actual damages, including but not limited to: harm to credit reputation; denial of credit; harm to her credit score; emotional distress and mental anguish; and out-of-pocket expenses.

40. At all times relevant hereto, Defendants were acting through their agents, servants and/or employees who were acting within the scope of their employment or agency, or both, and under the direct supervision of the Defendants.

41. At all times relevant hereto, Defendants' conduct was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the Plaintiff's rights.

## COUNT ONE – VIOLATION OF THE FAIR CREDIT REPORTING ACT
## (CRA DEFENDANTS)

42. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

43. Equifax, Experian and Trans Union are liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act 15 U.S.C. §1681i, pursuant to 15 U.S.C. §§1681n and o.

44. The CRA defendants violated 15 USC 1681i on multiple occasions by failing to: delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; conduct a lawful investigation; forward all relevant information to Cap One; maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

45. The CRA Defendants' conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

46. The CRA Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

47. Wherefore, Plaintiff seeks judgment in her favor against the CRA Defendants, based on the following relief requested:

    (a) Actual damages;

    (b) Statutory damages;

    (c) Punitive Damages;

    (d) Costs and reasonable attorneys' fees; and

    (e) Such other and further relief as may be necessary, just and proper.

**COUNT TWO – VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. 1681g(a)**
**(EQUIFAX)**

48. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

49. Plaintiff requested Equifax to truncate her Social Security number on her consumer disclosures.

50. Subsequent to Plaintiff's request, Equifax failed to hide the first five digits of Plaintiff's Social Security number on her consumer disclosures.

51. Equifax is liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act 15 U.S.C. §§ 1681g(a), pursuant to 15 U.S.C. 1681n and o.

52. Equifax's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and actual damages as outlined above.

53. Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

54. Wherefore, Plaintiff seeks judgment in her favor against Equifax, based on the following relief requested:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive Damages;

    (d)    Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

## COUNT THREE - VIOLATION OF THE FAIR CREDIT REPORTING ACT (CAP ONE)

55. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

56. Cap One is liable to Plaintiff for willfully and negligently failing to comply with 15 U.S.C. §1681s-2(b), pursuant to 15 U.S.C. §§1681n and o.

57. Cap One violated the FCRA when it continued to publish the inaccurate information to the CRA defendants without also including a notation that the debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the inaccurate information; by failing to review all relevant information regarding same; by failing to accurately respond to the CRA defendants regarding the inaccurate information; by failing to correctly report the results of the investigation to the CRA defendants; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information to the CRAs.

58. After Cap One received notification from the CRA Defendants about the disputed Account, Cap One did not contact any third parties, other than the CRAs, when investigating Plaintiff's dispute. Further, Cap One verified the

Account to the CRA defendants in response to each dispute it received from the CRA defendants.

59. Cap One's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined more fully above. Cap One is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

60. Wherefore, Plaintiff seeks judgment in her favor against Cap One, based on the following relief requested:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive Damages;

    (d)    Costs and reasonable attorneys' fees; and

    (e)    Such other and further relief as may be necessary, just and proper.

## JURY TRIAL DEMAND

61. Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,
/s/ **Micah S. Adkins**
Micah S. Adkins (ASB-8639-I48A)
**BURKE, HARVEY & FRANKOWSKI, LLC**
2151 Highland Avenue, Suite 120
Birmingham, AL  35205
Telephone:  205.747-1907
Facsimile:  205.930-9054     madkins@bhflegal.com

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT:

CAPITAL ONE BANK (USA), N.A.
c/o Registered Agent
CSC Lawyers incorporating Services, Inc.
150 S. Perry Street
Montgomery, Alabama 36104


Trans Union, LLC
c/o Prentice Hall Corporation System, Inc.
150 South Perry Street
Montgomery, Alabama 36104


Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104


Equifax Information Solutions, LLC
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104